IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VIKI J. PIERCE  Plaintiff | § § § | |
| V. | § § | CIVIL ACTION NO. 5:18-CV-138 JURY TRIAL DEMANDED |
| PATIENT SUPPORT SERVICES, INC., a wholly owned subsidiary of Lincare, Inc.  Defendant | § § § § § | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW VIKI J. PIERCE, Plaintiff, and files this Amended Complaint complaining of Patient Support Services, Inc., a wholly owned subsidiary of Lincare, Inc., Defendant, and in support thereof would respectfully show unto this Court as follows:

### I. NATURE OF THE CLAIM

1. This an action in brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. and pursuant to §107(a) of the Americans with Disabilities Act (hereinafter referred to as "ADA"), 42 U.S.C. § 12117. Plaintiff alleges that the Defendant violated the Age Discrimination Employment Act and the American with Disabilities Act by terminating the employment of Plaintiff with the Defendant because of her age and disability.

2. The Plaintiff is a qualified employee who has been denied employment including wages and benefits due her because of the disparate impact and treatment caused by Defendant's age and disability discriminatory practices. Plaintiff's damages

are in excess of the minimum jurisdictional limits of this Court.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and the American with Disabilities Act, 42 U.S.C. § 12117.

Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because the Defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action arose and occurred, in whole or in part, in the Bowie County, Texas, in the Eastern District of Texas.

## III. PARTIES

5. Plaintiff VIKI J. PIERCE is an adult citizen who resides in New Boston, Bowie County, Texas. She was an employee of the Defendant, located in Texarkana, Bowie County, Texas.

6. Defendant is a corporation doing business in the State of Texas. Defendant does business in the Eastern District of Texas and can be served through its registered agent, Mike Conway, 4310 McKnight Road, Texarkana, Texas 75503.

## IV. PROCEDURAL REQUIREMENTS

7. Paragraphs 1-6 above are incorporated herein by reference.

8. Plaintiff filed a timely Complaint with the Equal Employment Opportunity Commission ("EEOC"). On or about August 10, 2018, the EEOC issued to Plaintiff its Notice of Right to Sue letter and terminated its investigation of Plaintiff's claims.

Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements. A copy of said Notice of Right to Sue is attached hereto as Exhibit "A" and specifically made a part hereof.

## V. STATEMENT OF THE CLAIM

9. Plaintiff was employed as an accounting manager for Patient Support Services, Inc. from approximately March, 2003 until March, 2014, when Patient Support Services, Inc. was acquired by Defendant. Plaintiff was employed by Defendant as Center Operations Manager from March, 2014, until her employment was terminated by Defendant on August 21, 2017.

10. Plaintiff was 59 years old when her employment was terminated by Defendant.

11. Plaintiff's direct supervisor during her employment for Defendant was Rhonda Bollman, Center Manager.

12. Plaintiff has a birth defect in her spine, spondylolisthesis. Ms. Bollman knew during the time of Plaintiff's employment with Defendant that Plaintiff suffered from that condition.

13. On several occasions during her employment with Defendant, Plaintiff had job vacancies in the department which she managed. When attempting to fill those open positions, Plaintiff was not allowed by her supervisor, Ms. Bollman, to consider applicants over the age of 40, regardless of their qualifications, and was forced by Ms. Bollman to hire younger applicants.

14. During the period of her employment for Defendant, Plaintiff supervised an employee in her department whose age was in her early 60's. Plaintiff's supervisor, Ms.

Bollman, repeatedly told Plaintiff that the older co-worker needed to "pick up the pace". Plaintiff was counseled by Ms. Bollman to try to convince said co-worker to retire.

15. During the period of her employment for Defendant, Plaintiff was subjected to derogatory comments by her supervisor, Ms. Bollman, regarding Plaintiff's health issue involving her back condition.

16. Plaintiff was given an employment termination letter by Ms. Bollman dated August 21, 2017.

17. During the course of her employment for the Defendant, Plaintiff received favorable job performance reviews.

18. Plaintiff's employment for Defendant was terminated wrongfully because of her age and/or her disability.

19. As a direct and proximate result of the Defendant's acts or omissions, Plaintiff has been damaged in that she has lost wages and fringe benefits in the past and will, in reasonable probability, suffer a loss of future earnings and benefits. Plaintiff has also suffered mental anguish in the past and will, in reasonable probability, suffer mental anguish in the future.

20. Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to Plaintiff's rights by discriminating against her and, as a result, she is entitled to recover exemplary and/or punitive damages.

21. The actions of Defendant described within this Petition were committed by its employees and agents who in turn were acting in the course and scope of their employment.

Plaintiff's Amended Complaint
Viki J. Pierce v. Lincare, Inc.

Page 4

## VI. DAMAGES

22. As a direct and proximate result of Defendant's discrimination against Plaintiff on the basis of age and/or disability, Plaintiff has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, mental anguish, and loss of enjoyment of life.

23. Plaintiff would further show that she is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

24. Plaintiff is entitled to recover her reasonable and necessary attorney's fees and costs pursuant to 42 U.S.C. §2000(e).

## VII. PRAYER FOR RELIEF

25. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights;

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any and all past lost wages, including lost fringe benefits and back pay which resulted from the illegal discrimination;

(d) Award Plaintiff any and all future lost wages, including lost fringe benefits and future pay, together with any future benefits that would have otherwise occurred had it not been for the illegal discrimination;

(e)     Award Plaintiff compensatory and punitive damages;

(f)     Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(g)     Enter an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation; and

(h)     Award Plaintiff all further relief to which she is justly entitled.

Respectfully submitted,

R. David Freeze
**CRISP & FREEZE**
1825 Moores Lane
Texarkana, Texas 75503
Telephone: 903-831-4004
Facsimile: 903-831-4006
Email: dfreeze@crispfreeze.com

*/s/ R. David Freeze*

By: _____
R. David Freeze
Texas Bar No. 07434500

Attorney for Plaintiff Viki J. Pierce

### CERTIFICATE OF SERVICE

I, R. David Freeze, counsel for Plaintiff, Viki J. Pierce, hereby certify that the foregoing document was filed electronically with the Clerk of this Court on this 7th day of December, 2018, which shall send notification of such filing to Ms. Rachel Z. Ullrich, Ford Harrison, LLP, attorney for Defendant.

*/s/ R. David Freeze*

_____
R. David Freeze