IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| VIKI J. PIERCE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 5:18-cv-138-RWS-CMC |
| § | |
| PATIENT SUPPORT SERVICES, INC., § | |
| § | |
| Defendant. § | |
| § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, recommending Defendant's Motion for Summary Judgment (Docket No. 23) be granted. Plaintiff objected to the Magistrate Judge's Report and Recommendation (Docket No. 36). Based on *de novo* review, the Court **ADOPTS** the Magistrate Judge's findings and conclusions and **GRANTS** summary judgment.

### I. Background

Plaintiff sued Patient Support Services, Inc., a wholly owned subsidiary of Lincare Inc., under the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). According to the Second Amended Complaint ("SAC"), Plaintiff was an accounting manager for Defendant from approximately March 2003 until March 2014, when Lincare Inc. ("Lincare") acquired Defendant. Docket No. 19 ¶ 9. Plaintiff alleges Defendant employed her as the Center Operations Manager from March 2014 to August 21, 2017, when she was terminated. *Id.* Plaintiff was 59 years old when she was terminated. *Id.* ¶ 10.

Plaintiff alleges that Defendant violated the ADEA and ADA by terminating her employment because of her back condition and age. Plaintiff requests the Court (1) enter declaratory judgment recognizing Defendant violated Plaintiff's rights; (2) award Plaintiff past lost wages, including lost fringe benefits and back pay which resulted from illegal discrimination; (3) award Plaintiff future lost wages, including lost fringe benefits and future pay, together with any future benefits that would have otherwise occurred had it not been for the illegal discrimination; (4) award Plaintiff compensatory and punitive damages; (5) award Plaintiff costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and (6) enter an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation. *Id.* ¶ 25.

Defendant moves for summary judgment on Plaintiff's claims, first asserting the ADEA claim fails because Plaintiff cannot show she was replaced by someone substantially younger or otherwise discharged because of her age. Docket No. 23 at 18. Defendant further asserts it had legitimate, nondiscriminatory business reasons for its termination decision, including the following: failure to follow workplace instructions regarding time management; failure to meet daily goals including communications; failure to manage compliance binders; failure to train and manage employees; and failure to demonstrate leadership and accountability for her actions, including the use of the office phone for personal business. *Id.* at 23. Finally, Defendant argues Plaintiff cannot show pretext or "but for" causation. *Id.* at 23–26.

Regarding Plaintiff's ADA claim, Defendant asserts Plaintiff failed to exhaust her administrative remedies. *Id.* at 26–27. Although Plaintiff mentioned disability discrimination in her intake questionnaire, Defendant asserts Plaintiff did not check the disability box on her administrative charge. *Id.* at 26. Defendant further points out Plaintiff's charge of discrimination

is unsworn.  *Id.* at 26, n.22.  Alternatively, Defendant argues Plaintiff cannot establish her *prima facie* case of disability discrimination because she cannot prove she was disabled within the meaning of the ADA.  *Id.* at 27–29.  Even if Plaintiff could establish a *prima facie* case, Defendant asserts her claim still fails because Plaintiff cannot show Defendant's legitimate, nondiscriminatory reasons for her termination are pretextual.  *Id.* at 29–31.

In response, Plaintiff states that this "is a case of numerous comments and small acts that add up to a *prima facie* case of discrimination."  Docket No. 24 at 2.  According to Plaintiff, although Defendant "offers so-called legitimate reasons for [her] termination, she is able to create genuine issues of material fact by rebutting each of Defendant's reasons as pretext and by showing she was fired due to her age and/or a perceived back disability."  *Id.*

## II.     Report and Recommendation

On February 3, 2020, the Magistrate Judge issued a 54-page Report and Recommendation ("R&R") addressing Defendant's motion for summary judgment and recommending the motion be granted.  After setting forth 22 pages of evidence the parties presented, the Magistrate Judge first addressed Plaintiff's ADEA claim.  R&R at 30-43. The Magistrate Judge assumed Plaintiff could establish a *prima facie* case of discrimination and then continued her analysis under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Proceeding to the second step of the *McDonnell Douglas* framework, the Magistrate Judge considered whether Defendant had put forth a legitimate, nondiscriminatory reason for terminating Plaintiff.  R&R at 35–36.  The Magistrate Judge noted Defendant's numerous legitimate, nondiscriminatory reasons for terminating Plaintiff's employment and further noted that poor job performance is a legitimate reason for taking an adverse employment action.  *Id.*  Considering Defendant's evidence regarding Plaintiff's deficiencies, as set forth in the March 13, 2017 action

plan, and further considering the evidence demonstrating that Plaintiff's performance did not improve after the action plan, the Magistrate Judge found Defendant had met its burden of production at the second step. *Id.*

The Magistrate Judge then addressed whether Plaintiff put forth substantial evidence to rebut each of the nondiscriminatory reasons Defendant articulated. *Id.* at 36-43. The Magistrate Judge concluded that even if Plaintiff's claim passed the *prima facie* stage, Plaintiff's ADEA claim fails at the pretext stage of the analysis. *Id.* at 38. The Magistrate Judge explained, in part, as follows:

> Plaintiff has not produced sufficient evidence to establish a genuine fact issue as to whether Defendant's proffered reasons were pretext for discrimination or otherwise that age was the reason for her termination. As noted above, there is no evidence Plaintiff was replaced by a younger employee. Plaintiff has also failed to provide competent summary judgment evidence to demonstrate that she was otherwise discharged because of age by establishing that a comparable employee benefitted from disparate treatment under nearly identical circumstances.

*Id.* (citation and internal quotation marks omitted).

Viewing the various workplace comments Plaintiff relied upon in the light most favorable to Plaintiff, the Magistrate Judge found none of the comments are sufficient to support an inference of discrimination because they do not reflect discriminatory animus based on age. *Id.* at 40–42. The Magistrate Judge found the remaining allegations of pretext and Plaintiff's attempts to show Defendant's discriminatory animus were "equally insufficient to defeat summary judgment." *Id.* at 43. Finding Plaintiff failed to show that "but for" her age her employment would not have been terminated, the Magistrate Judge recommended Defendant's motion for summary judgment regarding Plaintiff's ADEA claim be granted.

The Magistrate Judge then addressed Plaintiff's ADA claim and similarly found the ADA claim fails as a matter of law because Plaintiff has not presented sufficient evidence to create a

genuine issue of material fact on each element of this cause of action.[1]  *Id.* at 51.  According to the Magistrate Judge, there is no evidence in the record from which a jury could find that Plaintiff's supervisor, Rhonda Bollman, or Defendant actually entertained misperceptions about Plaintiff's "substantial limitation" in major life activities.  *Id.* at 52.  The Magistrate Judge found nothing in the record supporting the notion that Bollman or Defendant believed Plaintiff to be significantly restricted in her ability to do her job.  *Id.*  Viewing all of the evidence in the light most favorable to Plaintiff, the Magistrate Judge found Plaintiff failed to produce evidence of "a physical or mental impairment that substantially limits one or more [of her] major life activities" or that she was "regarded as having such an impairment."  *Id.* (quoting *Kemp v. Holder,* 610 F.3d 231, 239 (5th Cir. 2010)).

Additionally, as was reviewed in detail in her discussion regarding the ADEA claim, the Magistrate Judge held that even if Plaintiff was able to show a *prima facie* case, her ADA claim would still fail because she cannot show Defendant's legitimate, nondiscriminatory reasons for her termination are a pretext for discrimination. Therefore, the Magistrate Judge recommended Defendant's motion for summary judgment regarding Plaintiff's ADA claim also be granted.

### III. <u>Plaintiff's Objections</u>

Plaintiff filed objections to the Report and Recommendation, asserting the following specific objection: "Plaintiff objects to the finding that Plaintiff failed to provide sufficient evidence on which a reasonable trier of fact could find that Defendant's proffered reasons are pretextual or that the Defendant's explanation is not credible." Docket No. 36 at 1 (citing R&R at 36–43). According to Plaintiff, the Magistrate Judge relies on case law decided before *Reeves v.*

---

[1] The Magistrate Judge assumed that Plaintiff exhausted her administrative remedies.  R&R at 51.

*Sanderson Plumbing Products*, 530 U.S. 133 (2000), and *Palasota v. Haggar Clothing Co.*, 342 F.3d 569 (5th Cir. 2003). Plaintiff cites *Reeves* for the proposition that a court must draw all reasonable inferences in favor of the non-moving party and that it may not make credibility determinations or weigh the evidence. Docket No. 36 at 2. Plaintiff states her evidence creates a genuine issue of material fact, "with remarks regarding age by decision makers present here as in *Palasota*." *Id.*

In its response to the objections, Defendant first notes that Plaintiff does "not object whatsoever to Magistrate Judge Craven's findings that summary judgment should be granted on her disability discrimination claim under the" ADA. Docket No. 37 at 1. A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects.[2] *Williams v. Lambright*, No. 4:18-CV-219, 2019 WL 1275338, at *2 (E.D. Tex. Mar. 20, 2019) (citing 28 U.S.C. § 636(b)(1)(C); also citing FED. R. CIV. P. 72(b)(2)–(3)).

Regarding Plaintiff's objections specific to her ADEA claim, Defendant asserts Plaintiff's claim that the Magistrate Judge used only pre-*Reeves* and pre-*Palasota* cases is inaccurate, noting almost every case the Magistrate Judge cited to support her finding that Plaintiff failed to provide sufficient evidence to establish pretext was issued well after those opinions. Docket No. 37 at 2 (further noting the Magistrate Judge even cited and used language directly from both *Reeves* and *Palasota* in the R&R). According to Defendant, the Magistrate Judge applied the standard set

---

[2] The Magistrate Judge advised the parties of this requirement and also that failure to file specific, written objections will bar a party from appealing the unobjected-to factual findings and legal conclusions of the Magistrate Judge that the Court accepts, except upon grounds of plain error. R&R at 53. As the Magistrate Judge further noted, in order to be specific, "an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Id.*

forth in *Reeves* and "painstakingly analyzed each and every piece of evidence proffered by Plaintiff and concluded that Plaintiff could not establish pretext even under this more 'cautious' standard." Docket No. 37 at 3 (citing R&R at 36). Defendant contends the Magistrate Judge properly reasoned that Plaintiff failed to rebut each and every one of Defendant's legitimate, nondiscriminatory reasons for her termination. Docket No. 37 at 4–5. Defendant further maintains the Magistrate Judge correctly held that Plaintiff produced insufficient evidence to create a genuine issue of material fact that Defendant's reasons were a pretext for age discrimination. *Id*. at 5-7. The Court considers Plaintiff's claims below.

## IV. ADA Claims

Plaintiff does not object, even generally, to the Magistrate Judge's findings and conclusions regarding her ADA claim. Therefore, the Court agrees with Defendant that Plaintiff has waived any objection to the Magistrate Judge's recommendation regarding her ADA claim.

Accordingly, Plaintiff is not entitled to de novo review of those findings, conclusions and recommendations, and except upon grounds of plain error, she is barred from appellate review of the unobjected-to factual findings and legal conclusions the District Court accepts and adopts. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants, . . . ' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

### V. ADEA Claims

Plaintiff objected to the Magistrate Judge's findings and recommendations regarding her ADEA claims, Docket No. 36, so this Court conducts a *de novo* review, FED. R. CIV. P. 72(c)

#### a. Applicable Law

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine issue for trial when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences drawn in its favor. *Id.* (citation omitted).

Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Tagliabue v. Orkin, L.L.C.*, No. 18-40691, 2019 WL 6833849, at *3 (5th Cir. Dec. 13, 2019) (quoting 29 U.S.C. § 623(a)(1)). Ultimately, to establish an ADEA claim, the plaintiff must prove "that age was the 'but-for' cause of the challenged employer decision." *Tagliabue*, 2019 WL 6833849, at *3 (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)). Claims of employment discrimination under the ADEA can be proven through direct evidence, circumstantial evidence, or both. *Id.* (citation omitted).

Because Plaintiff relies on circumstantial evidence of discrimination, the Court applies the three-step, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973). *Tagliabue*, 2019 WL 6833849, at *3 (citation omitted). To survive summary

judgment under this framework, the plaintiff must first present evidence of a *prima facie* case of age discrimination. *Id*. To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id.* (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)).

If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action taken. *Id.* (citing *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015)). The third and final "pretext stage of this analysis" requires that the employee "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks and citation omitted in *Tagliabue*).

"Proof that the defendant's explanation is unworthy of credence . . . may be quite persuasive [circumstantial evidence] . . . [because] [i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id.* at *5 (quoting *Reeves*, 530 U.S. at 147). Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's *prima facie* case, is "likely to support an inference of discrimination even without further evidence of defendant's true motive." *Id.* (quoting *Sandstad v. CB Richard Ellis, Inc*., 309 F.3d 893, 897 (5th Cir. 2002)). "Thus, the plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation." *Id.*

b. Discussion

Here, Plaintiff challenges the Magistrate Judge's adverse findings at the pretext stage, arguing she produced sufficient evidence that Defendant's proffered reasons for terminating her employment were not its true reason but simply a pretext for age discrimination. Docket No. 36 at 4. Plaintiff relies on her testimony regarding the work environment and alleged comments about age.

To show Defendant's rationale is merely a pretext for discrimination, Plaintiff must put forward "substantial evidence" to "rebut[ ] each of the nondiscriminatory reasons the employer articulates." *Tagliabue*, 2019 WL 6833849, at *5 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). The Magistrate Judge properly noted Plaintiff did not rebut each and every one of Defendant's reasons for terminating her employment—namely that Plaintiff failed to refute that the compliance binders were not up-to-date and "numerous other poor performance reasons," including Plaintiff's failure to respond to e-mails, patient processing errors, failure to meet production goals, failure to perform requested tasks, failure to manage and train employees, excessive personal telephone calls and improper clocking and timekeeping. R&R at 39.

The Court agrees with the Magistrate Judge that if not at the *prima facie* stage, Plaintiff's ADEA claim fails at the pretext stage of the analysis. Plaintiff's proposed evidence consists primarily of stray remarks made generally about age by her supervisor, Rhonda Bollman, and two non-decisionmakers, Kristy Yarberry and LeCandace Oliver. The Magistrate Judge properly utilized the "cautious" approach to the stray remarks doctrine from *Palasota*, noting the Fifth Circuit does not require the discriminatory remark or remarks to be made in the direct context of termination but can be used as circumstantial evidence of pretext. *Id*.

The Magistrate Judge also correctly utilized the Fifth Circuit's test in *Reed v. Neopost U.S.A., Inc.*, 701 F.3d 434, 441 (5th Cir. 2012), for analyzing stray remarks being presented as circumstantial evidence by only requiring Plaintiff to demonstrate that the stray remarks showed (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker. R&R at 39-40. The Court finds the Magistrate Judge was correct in her analysis of Plaintiff's proffered stray remarks.

The "snips and barbs" from Yarberry and Oliver were properly disregarded because they were her peers and not decisionmakers in the termination of her employment. In holding that Bollman's general comments (like "all of us are getting older" and "with age comes certain problems") do not establish a discriminatory animus, the Magistrate Judge compared Bollman's comments to other more demeaning comments about age, noting the Fifth Circuit found those comments were not considered discriminatory. R&R at 41 (citing *Reed*, 701 F.3d at 441) ("In *Reed*, the Fifth Circuit Court of Appeals concluded that sporadic, age-related comments such as 'old man,' 'old fart,' 'pops,' and 'grandpa,' which were personally directed toward the plaintiff at various times in the course of his employment, were not sufficient to withstand summary judgment."). The Magistrate Judge properly found that Bollman's alleged instruction to Plaintiff not to consider two other employees for a job because they were over forty years of age was too remote in time because it was made eighteen months before the termination of Plaintiff's employment. R&R at 41 (citing *Cervantez v. KMGP Servs. Co.*, 349 F. App'x 4, 10–11 (5th Cir. 2009) (holding a comment that the defendant "was going to start hiring young people" was not evidence of discrimination for summary judgment because it was not made in temporal proximity to the adverse employment action)).

In sum, the record evidence does not support a finding of pretext on any of the grounds Plaintiff asserts. *See Tagliabue*, 2019 WL 6833849, at *6. Plaintiff has not produced sufficient evidence to establish a genuine fact issue as to whether Defendant's proffered reasons were pretext for age discrimination.

## VI. Conclusion

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 23) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 27th day of March, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE